**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Jeremy Howard Isaiah Little,

          Plaintiff,

v.

Derrick Walker (Personal/Official
Capacity) and Lt. Moore
(Personal/Official Capacity),

          Defendants.

Case No. 25-cv-03430 (NEB/ECW)


**REPORT AND RECOMMENDATION**

---

Plaintiff Jeremy Little initiated this action by filing a complaint in state court on July 11, 2025.  (Dkt. 1 at 1, Dkt. 1-1 at 1.)  On August 29, 2025, Defendants removed this case to federal court.  (Dkt. 1.)  On October 22, 2025, Defendants filed a Motion seeking dismissal of all claims with prejudice under Rule 12.  (Dkt. 6.)  On October 27, 2025, the Court issued a briefing order setting a deadline for Little to file his response memorandum and supporting documentation in response to the Motion on or before December 1, 2025.  (Dkt. 11 at 1.)  Little did not file any response by that date.

On January 5, 2026, the Court received Little's Motion to Stay Proceedings.  (Dkt. 12.)  Little requested a stay because he had multiple ongoing legal proceedings and limited access to phone calls and writing materials due to his detention at Hennepin County Jail and a finding of incompetency in a state court proceeding.[1]  (*Id.* at 2-6.)

---

[1]    On June 20, 2025, a state court judge found Little incompetent.  *State v. Little*, 27-CR-23-12157 (June 20, 2025).  However, on April 7, 2026, another state court judge

While Little sought a stay until the state court found him competent (*id.* at 5-6), he also stated that he was "not asking [for a stay] because [he is] personally (innately) incapable of writing a reply memo of law" in response to Defendants' Motion to Dismiss (*id.* at 1-2).  The Court concluded that based on Little's statements, he did have the ability to respond to the Motion, and that Little had not met his burden of showing specific hardship or inequity that would justify a stay of this case.  (Dkt. 17 at 2.)  Accordingly, on January 14, 2026, the Court granted Little's Motion to Stay insofar as the Court extended Little's deadline to respond to the Motion to Dismiss to February 13, 2026, and otherwise denied the motion.  (*Id.*)

As of the date of this Report and Recommendation, the Court has not received any further filing from Little, nor has Little communicated with the Court in any other manner.  Accordingly, the Court recommends that this action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute.  *See, e.g., Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."); *Day v. Ellison*, No. CV 23-3826 (PAM/ECW), 2024 WL 3569495, at *1 (D. Minn. July 29, 2024) (dismissing action for failure to prosecute where plaintiff did not file response to defendant's motion to dismiss or request more time to do so);

---

found Little competent to proceed.  *State v. Little*, 27-CR-23-12157 (Apr. 7, 2026).  The Court may take judicial notice of matters of public record, such as these court filings. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

*Contreras v. Barker*, 23-cv-2500 (PJS/DJF) (Dkt. 35) (D. Minn. Apr. 17, 2024) (recommending dismissal for failure to prosecute based on failure to respond to motion to dismiss), *R. & R. adopted*, 2024 WL 2873964 (D. Minn. June 7, 2024).  The Court therefore also recommends that Defendants' Motion to Dismiss be denied as moot.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. This action be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to prosecute; and

2. Defendants' Motion to Dismiss (Dkt. 6) be **DENIED AS MOOT.**

Dated: July 9, 2026

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

## NOTICE

The Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).